**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Velmon Braswell, | |
| Plaintiff, | Civil No. 3:20-cv-1428 (AVC) |
| v. | |
| Dave Pelchat et al, | February 12, 2021 |
| Defendants. | |

**RECOMMENDED RULING ON REVIEW OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; RECOMMENDED RULING ON DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

This is a suit filed by Velmon Braswell, a *pro se* plaintiff. Mr. Braswell is a special parolee and former resident of the Drapelick & Sullivan Center, a residential re-entry work release program. He has brought suit against six employees of the Drapelick & Sullivan Center in their individual capacities, pursuant to 42 U.S.C. § 1983 and the Health Insurance Portability and Accountability Act ("HIPAA"). He alleges that the defendants violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments, and his right to privacy of his health information under HIPAA. He asks for permission to proceed *in forma pauperis* ("IFP") – that is, without paying certain court fees. (ECF No. 27.) The defendants have also filed a motion to dismiss Mr. Braswell's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 32.)

When a plaintiff seeks leave to proceed IFP, a statute directs the court to undertake two inquiries. First, the court reviews the plaintiff's financial affidavit and determines whether he is truly unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that he is not abusing the

privilege of pursuing a free lawsuit, the court examines his complaint and dismisses any claim that "is frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B). Similarly, when a party files a motion to dismiss pursuant to Rule 12(b)(6), the court dismisses any claim that "fails to establish a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *see also Walker v. People's United Bank*, 305 F. Supp. 3d 365, 373 (D. Conn. 2018).

United States District Judge Alfred V. Covello referred Mr. Braswell's case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these inquiries. (ECF Nos. 31, 36.) For reasons that will become clear, it makes sense to take them in reverse order. First, **I recommend that Judge Covello grant the defendants' motion to dismiss and dismiss Mr. Braswell's complaint**. His claims under Section 1983 should be dismissed because he has not alleged facts that, if he were to prove them, would show that the defendants are state actors – a required showing under the statute. And his claims under HIPAA should be dismissed because HIPAA does not create a private right of action. Therefore, his complaint "fails to state a claim" under § 1915(e)(2)(B) and Rule 12(b)(6). Second, **I recommend that Mr. Braswell's motion for leave to proceed IFP be denied as moot** in light of the fact that I am recommending dismissal.

## II.   BACKGROUND

Mr. Braswell's complaint alleges the following facts. The Sullivan & Drapelick Center ("Drapelick Center"), located at 1095 Blue Hills Ave in Bloomfield, CT, is a work release program that is operated by Community Solutions, Inc. ("CSI"). (Pl.'s Am. Compl., ECF No. 26 ¶¶ 5, 28.)[1]

---

[1] Mr. Braswell refers to the center in question as the "Sullivan Center" (Pl.'s Am. Compl. at 2-3), the "Sullivan and Drapelick Center" (*id.* at ¶¶ 3, 5), and the "Sullivan/Drapelick Program." (*Id.* at ¶ 28.) The Court will presume that the Sullivan & Drapelick Center is one work release program that operates out of 1095 Blue Hills Avenue, and the defendants are all employees of that program.

On May 26, 2020, Mr. Braswell was transferred to the Drapelick Center as a special parolee. (*Id.* at ¶ 28.)  On July 2, 2020, he returned late from his day pass. (*Id.* at ¶ 30; *see also* Defs.' First Mot. to Dismiss, ECF No. 14-1, at 2.)  He was late because he was "getting info from his doctor and getting his meds" for an upcoming surgical procedure for his internal bleeding. (Pl.'s Am. Compl. ¶¶ 30, 31.)  He spoke to Defendant Dave Pelchat, a supervisor at the Drapelick Center, who "did not care" about his medical issues and placed him under a fourteen-day COVID-19 quarantine. (*Id.*; *see also* Def.'s First Mot. to Dismiss at 4.)  Mr. Braswell filed two grievances, claiming that COVID-19 was being improperly used as a punishment. (Pl.'s Am. Compl. ¶ 18; Pl.'s Ex. C & Ex. D, ECF No. 26-1, at 7-8, 14-15.)  The quarantine prevented him from attending doctor's appointments and delayed treatment of his various medical conditions. (Pl.'s Am. Compl. ¶¶ 34, 35, 39, 40, 46, 48, 55, 57, 71.)

On July 23, 2020, Defendants Tamecia James and Roshine Newland called Mr. Braswell's doctor's office, asking "for him and his private information." (*Id.* at ¶¶ 49, 63, 67.)  The doctor's office refused to give them the information. (*Id.* at ¶¶ 63, 67.)  Mr. Braswell then addressed Ms. James and Ms. Newland, informing them that he never gave any consent for the doctor's office to give them his medical information. (*Id.* at ¶¶ 65, 69.)  Ms. James and Ms. Newland did not care about his privacy and laughed at him. (*Id.* at ¶¶ 65, 70.)  He filed a grievance, asking for Ms. James and Ms. Newland to "stop harassing the Wheeler Center Staff about [him]." (Pl.'s Ex. F, ECF No. 26-1, at 23.)

On August 5, 2020, Mr. Braswell was placed in COVID-19 quarantine again, this time "for him going to the Hartford Hospital for a heart attack . . . ." (Pl.'s Am. Compl., ECF No. 26 ¶ 39.)  He had been tested for COVID-19 while he was at Hartford Hospital and the test was negative. (*Id.*)  He was scheduled for surgery on his right shoulder in August of 2020, but the defendant's

actions delayed the surgery until October 19, 2020.  (*Id.* at ¶ 40.)  The defendants' actions also caused him to miss appointments for treatment of his heart, hip, and left knee conditions.  (*Id.*)  Their interference with his medical treatment caused him both physical and emotional suffering.  (*Id.* at ¶¶ 40, 55, 62, 71.)

**III.**     **DISCUSSION**

    **A.**     **General Principles of Review Under § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6)**

As noted above, both the IFP statute and Rule 12(b)(6) require the court to dismiss a complaint that "fails to state a claim on which relief may be granted."  § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002) ("The standard for dismissal of an action or appeal taken in forma pauperis is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6).").  A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Facial plausibility," in turn, requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  When a complaint lacks this "facial plausibility," it is subject to dismissal.  *See* § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gordon v. Suffolk Cty.*, 792 F. App'x 128, 129 (2d Cir. 2020) (summary order).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs.  "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel."  *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000).  In other words, courts interpret *pro se* complaints

"to raise the strongest arguments they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

This liberality has limits, however – and one limit is that the court may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that he did not plead. Although courts "are obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports," they "cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). In *Jiles v. Rochester Genesee Regional Transportation Authority*, for example, the plaintiff sought to avoid dismissal by positing facts that were not alleged in her complaint. 217 F. Supp. 3d 688, 692-93 (W.D.N.Y. 2016). The court dismissed her case despite her "status as a *pro se* litigant and the requirement that [her] papers be read liberally," because this liberality did not permit it to "assume or invent facts in favor of Plaintiff's position." *Id.* at 693; *accord Ambrose v. Dell*, No. 12-cv-6721 (JPO), 2016 WL 894456, at *3 (S.D.N.Y. Mar. 3, 2016) ("[T]he Court cannot invent facts [the plaintiff] has not alleged."). As Judge Covello has written, "[a]lthough courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility." *Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-CV-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) (internal citation omitted).

### B.     Application of These Principles to Mr. Braswell's Complaint

Mr. Braswell asserts, pursuant to 42 U.S.C. § 1983, that the defendants deprived him of his First Amendment right of access to the courts (Pl.'s Am. Compl. ¶¶ 11, 50, 54, 62, 71(C)(1));

5

retaliated against him by placing him in COVID-19 quarantine when he exercised his First Amendment right to file grievances (*id.* at ¶¶ 30, 34, 36); violated his right to due process under the Fifth and Fourteenth Amendments by placing him in COVID-19 quarantine without a disciplinary report or hearing (*id.* at 4; *see also* Pl.'s Compl., ECF No. 1-1 ¶ 9); acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment (Pl.'s Am. Compl. ¶¶ 30, 34, 39, 40, 50, 53-55, 57, 62, 71); and deprived him of his rights to equal protection and privacy under the Fourteenth Amendment. (*Id.* at ¶¶ 13, 27, 51-56, 61-63, 67.) He further asserts that these alleged constitutional violations are actionable under Section 1983. (*Id.* at 2, 4.) He also claims that the defendants violated his rights under HIPAA by attempting to obtain his private medical information without his consent. (*Id.* at ¶¶ 27, 48, 49, 51, 54, 57, 59, 65, 69.) The Court will address his two classes of claims in turn.

        **1.**     **Section 1983 Claims**

To state a Section 1983 claim, a plaintiff must allege that he was deprived of a "right secured by the Constitution and laws of the United States," and that the deprivation was "committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). This is because the "the United States Constitution regulates only the Government, not private parties . . . ." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991). A private party can be considered a "state actor" if his alleged unconstitutional conduct is "fairly attributable to the state." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The defendants argue that they did not act under the color of state law because they are "employees of a private, not for profit organization . . . ." (Def.'s Second Mot. to Dismiss, ECF No. 32-1, at 2-3.) In his response, Mr. Braswell asserts that

the defendants are under contract with the State of Connecticut's Department of Correction ("DOC") and Department of Parole. (Pl.'s Opp'n, ECF No. 35 ¶ 15.)

Judge Covello recently considered the question of whether a halfway house becomes a state actor when it enters into contracts with the state, and he concluded that it does not. In *Williams v. Cook*, No. 3:20-CV-663 (AVC), 2020 WL 5649406, at *1 (D. Conn. Aug. 10, 2020), the plaintiff brought Section 1983 claims against employees of two halfway houses: Isaiah House and Maple Street. Both halfway houses were owned by private organizations that had contracts with the DOC to care for ex-offenders. *Id.* at *2. Judge Covello held that the employees of the halfway houses were not state actors, reasoning that "[t]he fact that the Department of Correction has a contract with Isaiah House and Maple Street, to care for ex-offenders, does not make the facilities, or their employees, state actors." *Id.* He also noted that Isaiah House's status as a non-profit organization "support[ed] the fact that it is a private organization not subject to suit under section 1983." *Id.*; *accord Martin v. Mejias*, No. 3:19-cv-1101 (KAD), 2019 WL 3457237, at *2 (D. Conn. July 31, 2019); *Awad v. Sierra Pre-Trial*, No. 3:18-cv-1506 (JAM), 2019 WL 2437853, at *3 (D. Conn. June 11, 2019); *Phillips v. Goord*, No. 08-cv-0957A(F), 2009 WL 909593, at *3 (W.D.N.Y. Apr. 1, 2009); *but see Braswell v. Cmty. Sols., Inc.*, No. 3:11-cv-01043 (JCH), 2013 WL 663621, at *4 (D. Conn. Feb. 4, 2013) (in case involving a different plaintiff with the same last name, plaintiff alleged facts sufficient to show that Drapelick Center "performs the state function of incarcerating prisoners" and, by extension, sufficiently alleged that it is a state actor).

Mr. Braswell has not made any allegations that, if he were to prove them, would distinguish the Drapelick Center from the halfway houses in *Williams*. He alleged in his amended complaint that he was transferred from the Watkinson House Program (which is also run by CSI) to the Drapelick Center as a special parolee (Pl.'s Am. Compl. ¶ 28), and stated in opposition to the

7

defendants' motion to dismiss that the Drapelick Center has a contract with the DOC and the Department of Parole. (ECF No. 35 ¶ 15.) In *Williams,* the Isaiah House also had a contract with the DOC, and the DOC had transferred the plaintiff to Isaiah House as a special parolee. 2020 WL 5649406, at *2. As noted above, those facts were insufficient to show Isaiah House's actions were attributable to the state, or to show that Isaiah House's employees were acting under color of state law. *Id.* Because Mr. Braswell has not pled any other facts which, if proven, would support a conclusion that the defendants acted under color of state law, he has not plausibly alleged that the Drapelick Center and its employees are state actors. I therefore recommend that his Section 1983 claims be dismissed.

### 2. HIPAA Claims

Mr. Braswell asserts that the defendants violated his rights under HIPAA. This claim must fail, since HIPAA does not create a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (dismissing the plaintiff's claim that the defendant violated HIPAA "because HIPAA confers no private cause of action, express or implied"); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) ("HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services."). In other words, individuals cannot

directly file lawsuits for HIPAA violations. Accordingly, I recommend that Mr. Braswell's HIPAA claims be dismissed.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Judge Covello GRANT the defendants' motion to dismiss and DISMISS Mr. Braswell's complaint.[2] I further recommend that Mr. Braswell's motion for leave to proceed IFP be DENIED as moot, since I am recommending dismissal of his complaint. *See Decormier v. Aurora Loan Services LLC*, No. 3:18-cv-1889 (JAM), 2018 WL 6110931, at *2 (D. Conn. Nov. 21, 2018) (dismissing the plaintiff's IFP complaint pursuant to § 1915(e)(2)(B) and denying IFP motion as moot).[3]

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If Mr. Braswell wishes to object to my recommendation, he must file that objection with the Clerk of the Court within fourteen days.** Fed. R. Civ. P. 72(b)(2); D. Conn. L. Civ. R. 72.2(a). If he does not file this objection within fourteen days, he will not be able to assign as error any defect in this recommended ruling. D. Conn. L. Civ. R. 72.2(a). Failure to file

---

[2] When evaluating *pro se* complaints, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, however, Mr. Braswell has already amended his complaint once. (*See* ECF Nos. 20, 25, 26.)

[3] In the event that Judge Covello disagrees with my recommendation of dismissal, I would recommend that Mr. Braswell be granted IFP status under § 1915(a)(1). His application states that his only income is $783.00 per month in social security benefits, which equates to approximately $9,396.00 in annual income. (ECF No. 27.) The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2021, the poverty threshold for a household of one is $12,880.00. *See United States Dep't of Health & Human Servs.*, https://aspe.hhs.gov/poverty-guidelines (last visited February 4, 2021). He also claims that he only has $340.00 in his banking accounts, and his monthly expenses exceed his income. (ECF No. 27 at 3.) Had he pled a plausible complaint, his financial picture would entitle him to proceed IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (application to proceed IFP is "sufficient" when it "states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life").

a timely objection will also prevent him from requesting appellate review. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge